E-FILED
Monday, 01 December, 2014 03:56:56 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CQUEST AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-3349 |
| | ) | |
| YAHASOFT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION REGARDING PLAINTIFF'S EMERGENCY MOTION TO COMPEL

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Plaintiff CQUEST AMERICA, INC. (CQUEST) filed its Complaint for Breach of Contract against Defendant YAHASOFT, INC. (YAHASOFT) on August 21, 2013 in the Circuit Court for the Seventh Judicial Circuit, Sangamon County. The case was removed to this Court on October 7, 2013, and comes before the Court on the Emergency Motion to Compel (d/e 16) filed by CQUEST. YAHASOFT filed its Response (d/e 18) to the Emergency Motion to Compel on Monday, November 24, 2014.

Plaintiff's Complaint alleges breach of a written Software Services Agreement between CQUEST and YAHASOFT. The Complaint alleges, in part, that YAHASOFT failed to perform the services required under the

contract in a competent, diligent, and timely manner. The Complaint further alleges that YAHASOFT failed to provide implementation and customization service as required by the contract and failed to complete the services on or before June 30, 2012 as required by the contract. The Complaint also alleges that YAHASOFT failed to specify services performed on a monthly basis (Complaint, para. 10) and that YAHASOFT has not implemented or customized software for functionality as required by the agreement.

YAHASOFT denies the allegations of the Plaintiff's Complaint and has filed a Counterclaim (d/e 6) for breach of contract.

Plaintiff served the Defendant with written discovery on May 14, 2014, including a Request for Production of Documents (Request). In the Request were certain specific requests made for the documents described below in Request Nos. 16, 17, 18, and 19. On September 5, 2014, substantially after the deadline for complying with the Request, YAHASOFT filed the following responses to Requests Nos. 16, 17, 18, and 19:

> REQUEST NO. 16: Any and all system application source code, and all documents related to system application source code, which the Defendant created, developed, worked on, or modified in connection with the Software Services Agreement.
>
> RESPONSE: To the extent they are in the possession of Yahasoft, the requested documents will be made available for

copying at a mutually agreed upon time and place by counsel for both parties.

REQUEST NO. 17: All documents related to or reflecting Illinois-specific database schema which the Defendant created, developed, worked on, or modified in connection with the Software Services Agreement.

RESPONSE: To the extent they are in the possession of Yahasoft, the requested documents will be made available for copying at a mutually agreed upon time and place by counsel for both Parties.

REQUEST NO. 18: All documents containing or reflecting any technical specifications which the Defendant used or referred to when creating, developing, working on, or modifying source code, database schema, or the Software.

RESPONSE: To the extent they are in the possession of Yahasoft, the requested documents will be made available for copying at a mutually agreed upon time and place by counsel for both Parties.

REQUEST NO. 19: All documents containing or reflecting any packaged executable which demonstrated the Software's capabilities, functions, and features as defined and required by the contract. If the "packaged executable" is not a document but a thing provide the "packaged executable" itself.

RESPONSE: To the extent they are in the possession of Yahasoft, the requested documents will be made available for copying at a mutually agreed upon time and place by counsel for both Parties.

Plaintiff's counsel contacted defense counsel to inquire regarding the lack of production of the documents requested in Request Nos. 16, 17, 18, and 19. In Plaintiff's Emergency Motion to Compel, Plaintiff indicates that

defense counsel, when asked about the non-production of the documents claimed that the documents requested were "confidential". By e-mail dated October 29, 2014, Plaintiff's counsel requested that the defense counsel identify the contractual provisions which defense counsel believed made the requested documents "confidential".  (Plaintiff's Exhibit E, d/e 16-5, pg. 1)  Plaintiff followed that e-mail with another e-mail again requesting answers to the previously posed questions.  (Plaintiff's Exhibit F, d/e 16-6, pg. 1)  On November 3, 2014, having received no answers to the questions regarding confidentiality, Plaintiff's counsel sent a letter asserting that the confidentiality provisions in the agreement did not contain any language preventing YAHASOFT from producing the documents requested in Request Nos. 16, 17, 18, and 19.  (Plaintiff's Exhibit G, d/e 16-7, pg. 2)  On November 6, 2014, defense counsel finally responded that: "It is our belief that those source codes and other related information are deemed proprietary by the parties contract and should not be provided in this case." (Plaintiff's Exhibit I, d/e 16-9, pg. 1)

In a November 3, 2014, letter from Plaintiff's counsel, Plaintiff offered, as is also offered in Plaintiff's Emergency Motion to Compel, that a protective order could alleviate the confidentiality concerns expressed by defense counsel.  In Defendant's response to the Plaintiff's motion, the

Defendant points to the prohibitions contained in paragraph I(E) of the Software Services Agreement set forth below to justify its claim for confidentiality is as follows:

>  E. Yahasoft gives CQuest the rights to use the software for Illinois Early Intervention Program. Yahasoft reserves all other rights. Unless otherwise provided by law, CQuest may use the Software only as expressly permitted in this Agreement. CQuest may not:
>
> • Reverse engineer, decompile or disassemble the software, except and only to the extent that applicable law expressly permits, despite this limitation;
>
> • Publish the software for others to copy;
>
> • Rent, lease, resell or lend the Software to entities other than Illinois Early Intervention Program.

## ANAYLSIS

As noted above, the responses to Plaintiff's requests to produce the documents specified in paragraphs 16, 17, 18, and 19, stated that YAHASOFT would produce those documents in their possession responsive to the requests for copying. No objection to production of the requested documents was asserted.

Generally, failure to timely assert an objection to a request for production is a waiver of that objection unless the Court finds good cause and excuses the waiver. Bailey v. City of Daytona Beach Shores, 286

F.R.D. 625, 627 (M.D. Fla. 2012). The Court finds no "good cause" to excuse the waiver in this case.

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. Federal Rule of Civil Procedure 33 allows parties to serve interrogatories inquiring into any matter within the scope of Rule 26(b). Fed. R. Civ. P. 33(a). Similarly, Rule 34 allows a party to serve requests for the production of documents that are within the scope of Rule 26. Fed. R. Civ. P. 34(a). A party may seek an order compelling disclosure when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P.37(a)(3)(B)(iii), (iv) & (a)(4). The Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir.1996). With these principles in mind, the Court turns its attention to the contested discovery requests.

If the objections now belatedly offered by the Defendant had been timely asserted, they would have been insufficient to justify non-production.

The contractual language cited above limits the Plaintiff's use of the software covered by the agreement providing that the Plaintiff may not attempt to take the software, or parts of it, and provide it to others whether gratuitously or by rent, lease, resale, or loan.  This language does not provide a mutual agreement that the software provided is "confidential" and shielded from discovery.  As Plaintiff suggests, these confidentiality interests can be protected by a protective order limiting the use of the information.

The only "confidentiality agreement" in the contract at issue is that which is attached to the contract at issue as Exhibit E (d/e 18-1, pgs. 40-41).  The clear language of this confidentiality agreement shows that it protects only the information provided to Defendant YAHASOFT by Plaintiff CQUEST.

Defendant's argument that the information sought would not be "usable" and could not run without significant additional hardware installation and system configuration is irrelevant.  The Plaintiff is seeking the information to evaluate contract performance, not to determine whether the software contracted for by the parties is usable with the material sought in discovery.

Counsel for the Plaintiff is to prepare a proposed protective order protecting the documents described in Requests Nos. 16, 17, 18, and 19 of Plaintiff's Request from disclosure other than in conjunction with this litigation. Counsel for Plaintiff is to submit the protective order to counsel for Defendant within ten (10) days of the entry of this opinion. Within seven (7) days of the receipt of the proposed protective order, counsel for Defendant shall confer with the counsel for Plaintiff to determine if defense counsel objects to the form of the order and/or proposes modifications. If the parties cannot agree to the terms of a draft protective order, the proposed order tendered by Plaintiff, as well as any objections by the Defendant, shall be tendered to the Court on or before December 22, 2014. The Defendant shall produce the responsive information within fourteen (14) days after entry of the protective order. Plaintiff's request for expenses and attorney's fees is denied.

## CONCLUSION

Plaintiff's Emergency Motion to Compel (d/e 16) is ALLOWED IN PART as set forth above.

ENTER: December 1, 2014

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE